ROBERT A. HYDE v. L. C. WRIGHT AND OTHERS.[1]

May 5, 1922.

No. 22,775.

**Assumption of mortgage by buyer of land — findings sustained.**

The evidence sustains the findings made and does not require the findings requested.

- Action in the district court for Yellow Medicine county to recover $10,052.05 paid under a contract and to cancel the contract.

[1] Reported in 188 N. W. 63.

The case was tried before Daly, J., who made findings and ordered judgment canceling the deed and that plaintiff recover $2,000. From an order denying their motion for amended findings and conclusions or for a new trial, defendants appealed. Affirmed.

*Wilson & Harris, Charles Dealy* and *A. C. Severson,* for appellants.
*J. N. Johnson,* for respondent.

HOLT, J.

In March, 1920, plaintiff entered into a contract for the purchase of a farm from defendants. There was paid down $2,000, and the sum of $8,000 was payable May 1 following. It appears that three past due mortgages, aggregating $14,700, were on the farm when the contract was executed. Therein was a provision that $16,000 of the purchase price was to be paid by assuming a mortgage of that amount which defendants reserved the right to place upon the land. The balance of the price, viz, $10,700 was payable in five years and was to be secured by a second mortgage executed by plaintiff. The settlement was to be made as of May 1, 1920. The here important provision in the contract reads:

"First parties [defendants] further reserve the right to extend the present encumbrances until March first, 1921, at a rate of interest not to exceed 6% to the second party [plaintiff], or until such time on or before March first, 1921, until they find it convenient to secure a first mortgage for the sum of at least $16,000 for a term of ten years at 6% interest payable annually, and the second party further agrees that at any time first parties are able to secure this mortgage to execute a second mortgage for the unpaid balance. First parties agreeing to secure this loan without any expense to second party."

The $16,000 first mortgage was not placed and the past due mortgages were not discharged, and, a few days after March 1, 1921, plaintiff demanded a return of the purchase money paid. Defendants did not comply, and this action for the recovery thereof resulted. The defense was that the contract had been modified so that plaintiff, and not defendants, was to procure the stipulated $16,000 mortgage.

The trial resulted in findings and order for judgment in favor of plaintiff and defendants appeal.

No question of law is involved. The written contract is clear. Under its terms defendants were to procure the loan and place the mortgage on the farm. By the defense pleaded, they·had the burden of proving a modification of the instrument in this respect. There was no·valid written modification, but the claim is that the contract as orally modified was fully performed on their part. This contention rests mainly on these facts testified to:

It became evident, after the contract was made, that no mortgage could be obtained for 10 years. One A. D. Allen of the Allen Realty Company, agent for defendants in the sale of the land, thereupon began to negotiate with plaintiff to consent to have the mortgage run for five years. He represented that the bank of Canby, through its officer Mr. Lewison, would accept such a mortgage. Plaintiff agreed to this upon being paid $240, which was calculated to cover the expenses of a renewal of the mortgage when due for another term of five years. It also appears that to expedite closing the deal plaintiff made application for this loan. When the $8,000 payment of the contract was due, plaintiff paid the same less the $240, and apparently a first mortgage for $16,000 and a second mortgage for $10,700 with corresponding notes were signed by him, and a deed from defendants to him was signed. These documents were all left with the bank, Mr. Allen also giving the bank a check for $240 as compensation for furnishing the $16,000 loan.

Clearly the court was justified in concluding that it was never the understanding that defendants were to be relieved from the obligation to procure some one that would place a $16,000 mortgage on the farm, and that the modification related only to the time it should run, and as to whether plaintiff should execute the mortgage or merely assume one executed by defendants. Allen was defendants' agent in negotiating with the bank for the loan. Their money and not plaintiff's was represented by the $240 check given the bank. The documentary evidence in relation to the change of the terms of the contract is far from convincing that the burden of procuring this loan was shifted from defendants to plaintiff. And the

testimony as to the talk in regard to the matter between plaintiff and his associate Schram on the one hand and Allen and Lewison on the other is even less persuasive that such a change was made as defendants claim.

That being the state of the evidence this court is not justified in disturbing the findings made or in holding that those proposed by defendants should be substituted.

The order is affirmed.